UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
:
UNITED STATES OF AMERICA,            :
                                     :
                         Plaintiff,  :
                                     :   Civil Action No. 12-CV-12390
        v.                           :
                                     :
YI SOON BAKERY, INC. and KUNG HUNG,  :
                                     :
                         Defendants. :
                                     :
                                     :
------------------------------------------------------------x

## CONSENT DECREE

WHEREAS, this action is brought by Plaintiff, the United States of America, on behalf of the United States Department of Agriculture ("USDA"), against Defendants Yi Soon Bakery, Inc. ("Yi Soon") and Kung Hung ("Hung") (collectively, "Defendants"), by filing a complaint in this Court (the "Complaint"), seeking permanent injunctive relief enjoining Defendants, their successors and assigns, their agents and employees, and those persons in active concert or participation with them, whether directly or indirectly, from committing violations of the Federal Meat Inspection Act, as amended, 21 U.S.C. § 601, *et seq.* ("FMIA"); and

WHEREAS, the parties wish to settle this action in its entirety without further litigation and consent to the entry by the Court of the following provisions (hereinafter, the "Consent Decree") as judgment in this action.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.      This Court has jurisdiction over the subject matter in the Complaint and has personal jurisdiction over all the parties to this action.

2.  Defendants have engaged in the conduct set forth in paragraphs 13 through 15 of the Complaint, a copy of which is annexed hereto as Exhibit A.

3.  Yi Soon, Hung, and their members, officers, agents, servants, representatives, employees, successors and assigns, and any persons in active concert or participation with them directly or indirectly, are permanently enjoined from: (a) selling, transporting, offering for sale or transport, or receiving in commerce, any uninspected and misbranded meat or meat food products required to be inspected and passed by USDA; and (b) engaging in any other conduct that would violate the FMIA, and/or the regulations promulgated thereunder.

4.  Defendants shall at all reasonable times and upon notice afford to representatives of the USDA full access to Yi Soon's business premises. Full access shall include full and unimpeded opportunity to inspect and examine the facility, inventory, and records and to copy records and to take reasonable samples of inventory. All reasonable times shall include any hours when Yi Soon does business, including hours before dawn where applicable, in which case the USDA representatives shall present credentials to the most responsible person on the premises.

5.  In addition to the right of entry provided to the USDA in Paragraph 4, authorized representatives of the USDA shall have the right to seize and destroy any and all misbranded or uninspected meat or meat products in accordance with applicable laws, regulations, and USDA Food Safety Inspection Service directives.

6.  If Defendants sell, transport, offer for sale or transport any meat or meat product in any form over 15 pounds, Defendants shall obtain a copy of a government-issued identification of the purchaser of the product.

7.  If Defendants sell, transport, offer for sale or transport, or receive in commerce, any product in violation of this Consent Decree, Defendants shall upon the first

occasion of such violation pay to the United States the sum of five hundred dollars ($500.00) for each pound, or portion thereof, of uninspected meat or meat products. For any subsequent violations, Defendants shall pay to the United States the sum of one thousand dollars ($1,000.00) for each pound, or portion thereof, of uninspected meat or meat products. These amounts shall be separate and apart from any other remedy that the United States may pursue for violations of this Consent Decree. Should enforcement proceedings beyond this Consent Decree be necessary, Defendants agree that the United States shall be entitled to recover from Defendants all court costs and expenses incurred by the Food Safety and Inspection Service of the USDA in such proceedings, including investigation and preparation time and attorneys' fees for the USDA and the United States Attorney's Office for the District of Massachusetts.

8.  If Defendants disagree with a determination made by USDA pursuant to Paragraph 7 of this Consent Decree, they may petition the Court for an independent review of USDA's determination(s). Any such petition must be filed within thirty (30) days of the USDA determination(s) for which review is sought. In reviewing USDA's determination(s), the Court will apply the same standard of review applicable to review of final agency action under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.* In the absence of a timely petition for review, USDA's determination(s) will become final and unreviewable. If the Court denies Defendants' request, or otherwise affirms USDA's determination(s) made pursuant to Paragraph 7 of this Consent Decree, Defendants will also pay the costs and expenses incurred by the United States in any such court proceeding, within thirty (30) days of service of a demand by the United States. Such expenses shall include, but not be limited to, expenses incurred by the USDA Food Safety and Inspection Service in such proceeding, including investigation and preparation time, at the rate of $40.00 per hour per USDA

3

employee. Defendants shall further be liable for such relief as the Court deems appropriate in a proceeding brought either *sua sponte* or by the United States, for any failure to comply with any terms of this Consent Decree.

9. This Consent Decree does not limit any rights or remedies available to the United States for any violation of the FMIA and its associated regulations, or any rights or remedies available to the United States for any criminal violations. Defendants hereby waive and shall not assert any defenses they may have to any criminal prosecution or administrative action relating to violations of this Consent Decree that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment to the Constitution, the Excessive Fines Clause in the Eighth Amendment to the Constitution, any statute of limitations or the doctrine of laches, this Consent Decree bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Consent Decree constitutes an agreement by the United States concerning the characterization of payments from Defendants to the United States for purposes of the Internal Revenue laws, Title 26 of the United States Code.

10. The parties agree that nothing in this Consent Decree shall preclude any future regulatory or administrative action authorized by law, regulation or otherwise, including, but not limited to the referral of any matter to any agency for possible criminal, civil, or administrative proceedings.

11. After Defendants and their members, officers, agents, servants, representatives, employees, successors and assigns have maintained substantial compliance with all requirements of this Consent Decree, as well as all applicable provisions of the FMIA for a period of five (5) years following the entry of the Consent Decree, Defendants may serve upon the United States a request for termination of the Consent Decree ("Request

for Termination"), explaining how they have satisfactorily complied with all such requirements, together with all necessary supporting documents. The parties shall thereafter confer informally concerning the Request for Termination and any disagreement that the parties may have as to whether Defendants and their members, officers, agents, servants, representatives, employees, successors and assigns have satisfactorily complied with the requirements for termination of the Consent Decree. If the United States agrees that the Consent Decree may be terminated, the parties shall submit, for the Court's approval, a joint stipulation terminating the Consent Decree. If the United States does not agree that the Consent Decree may be terminated, Defendants may file a motion with this Court seeking relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, provided, however, that Defendants will not file any such motion until sixty (60) days after service of the Request for Termination on the United States. Defendants must bear the burden of demonstrating to the Court that they have satisfactorily complied with all requirements of the Consent Decree and applicable provisions of the FMIA, and that there is good cause to terminate the Consent Decree under Rule 60(b). If Yi Soon and Kung Hung cease to be affiliated with one another at any time while this Consent Decree remains in operation, each must request termination of the Consent Decree separately from the other if he wishes to be relieved from the obligations imposed by the Consent Decree, which run separately with each defendant.

12. Defendants must provide a copy of this Consent Decree to each of their officers, directors, and employees within ten (10) days of the date of entry of this Consent Decree and must provide Scott Safian, Director, Evaluation and Enforcement Division, with a sworn declaration of compliance, containing the information set forth below, within thirty (30) days of the date of entry of this Consent Decree. The sworn declaration must set forth

5

the fact and manner of compliance with this paragraph and must identify the name and position of each person provided with a copy of this Consent Decree. If the person does not have a formal title, the sworn declaration must set forth after such person's name the function that such person performs.

13. If, at any time while this Consent Decree remains in operation, Yi Soon transfers or assigns its interests to another person or entity, its successor or assignee must comply with the obligations imposed by Paragraph 12 within ten (10) days of succeeding to or being assigned Yi Soon's interest.

14. Defendants shall be jointly and severally liable for any violations of the terms of the Consent Decree committed while Yi Soon and Hung are affiliated with one another. Yi Soon and Hung shall be severally liable for any violations of the terms of the Consent Decree committed during any period in which the two defendants are not affiliated.

15. Each party shall bear its own costs and attorneys' fees.

16. For purposes of this Consent Decree, service upon USDA and the United States must be accomplished by either hand delivery or by overnight delivery and shall be made to the following addresses:

> For the USDA:
>
> United States Department of Agriculture
> Food Safety Inspection Service
> Office of Program Evaluation, Enforcement and Review
> Attention: Director, Evaluation and Enforcement Division
> Patriot Plaza III, 8th Floor, Cubicle 8-243A
> 355 E. Street, SW
> Washington, DC  20024-3221

For the United States:

United States Attorney's Office
District of Massachusetts
Attn: Asst. U.S. Atty. Brian Perez-Daple
One Courthouse Way, Suite 9200
Boston, MA 02210

17. If Defendants are required to make any payment pursuant to this Consent Decree, Defendants will make such payment pursuant to written instructions to be provided by the United States.

18. The Court retains jurisdiction to issue further decrees and orders as may be necessary to construe, carry out, modify, or enforce compliance with this Consent Decree, and should the Defendants fail to abide by and perform all the terms and conditions set forth herein or such further decree as may be entered in this action, the United States shall apply only to this Court for relief, and any alleged violation of this Decree shall be adjudicated by the Court.

Agreed and Consented to:

Dated: Boston, Massachusetts
December 21, 2012

CARMEN M. ORTIZ
United States Attorney for the
District of Massachusetts
*Attorney for Plaintiff United States of America*

By: /s/ Brian Perez-Daple
BRIAN PÉREZ-DAPLE
Assistant United States Attorney
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
Telephone: (617) 748-3318

7

Dated: Allston, Massachusetts
December 21, 2012

YI SOON BAKERY, INC.

By: _____

Dated: Allston, Massachusetts
December 21, 2012

_____
KUNG HUNG
Defendant

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated: April 19, 2013

8

**Exhibit A**

Case 1:12-cv-12390-MLW   Document 7   Filed 04/19/13   Page 10 of 16
Case 1:12-cv-12390-MLW   Document 2-1   Filed 12/21/12   Page 10 of 16
Case 1:12-cv-12390   Document 1   Filed 12/21/12   Page 1 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------X
UNITED STATES OF AMERICA,                      :     Civil Action No.
                                               :
            Plaintiff,                         :
                                               :
   -against-                                   :
                                               :
YI SOON BAKERY, INC. and KUNG HUNG,            :     **COMPLAINT**
                                               :
                                               :
            Defendants.                        :
-------------------------------------------------------------X

The UNITED STATES OF AMERICA, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, acting on behalf of the United States Department of Agriculture ("USDA"), as and for its complaint against Defendants Yi Soon Bakery, Inc. and Mr. Kung Hung (collectively "Defendants"), hereby alleges as follows:

### Nature of the Action

1.  This is a civil action for injunctive and other relief against Defendants, pursuant to the Federal Meat Inspection Act, as amended, 21 U.S.C. § 601 et seq. ("FMIA") to prohibit the Defendants from selling and offering to sell in commerce uninspected meat food products.

2.  This action seeks redress for Defendants' violations of 21 U.S.C. § 610(c)(2).

### Jurisdiction and Venue

3.  This Court has jurisdiction over the subject matter of this action pursuant to 21 U.S.C. § 674 and 28 U.S.C. § 1345.

Case 1:12-cv-12390-MLW   Document 7   Filed 04/19/13   Page 11 of 16
Case 1:12-cv-12390-MLW   Document 2-1   Filed 12/21/12   Page 11 of 16
Case 1:12-cv-12390   Document 1   Filed 12/21/12   Page 2 of 5

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1395 because the violations took place in this District and Defendant Hung has its principle place of business in this District.

### The Parties

5. Plaintiff is the United States of America.

6. Yi Soon Bakery, Inc., is a company incorporated in the state of Massachusetts with its principal place of business at 112 Brighton Avenue, Allston. MA 02134. Mr. Kung Hung is the president of Yi Soon Bakery. Defendants operates a bakery and retail in the State of Massachusetts and within the jurisdiction of this Court. Defendant does not operate under a grant of federal inspection to process meat food products under the FMIA.

### Statutory Background

7. The FMIA grants the Secretary the power to regulate and inspect meat and meat products distributed in interstate or foreign commerce. See 21 U.S.C. §§ 602-604 and 615.

8. Meat slaughter and processing operations and transactions wholly within a state may be regulated, if a state is designated by the Secretary as one governed by its provisions. See 21 U.S.C. § 661(c)(1), 9 C.F.R. § 331.2.

9. Pursuant to 21 U.S.C. § 661(c)(1), the requirements of Titles I and IV of the FMIA (21 U.S.C. §§ 601-624 and 671-680) are applicable to intrastate operations and transactions wholly within Massachusetts.

10. Section 3(a) of the FMIA provides that, for the purpose of preventing the entry into or flow or movement in commerce of, or the burdening of commerce by, any meat product which

2

Case 1:12-cv-12390-MLW   Document 7   Filed 04/19/13   Page 12 of 16
Case 1:12-cv-12390-MLW   Document 2-1   Filed 12/21/12   Page 12 of 16
Case 1:12-cv-12390   Document 1   Filed 12/21/12   Page 3 of 5

is capable of use as human food and is adulterated, the Secretary shall cause to be made by inspectors ante mortem inspection of meat in each official establishment processing meat or meat products for commerce. See 21 U.S.C. § 603(a).

11. Sections 4-6 of the FMIA provides that the Secretary, whenever processing operations are being conducted, shall cause to be made by inspectors post mortem inspection of each carcass. See 21 U.S.C. §§ 604 and 606.

12. Section 10(c)(2) of the FMIA provides that no person shall sell, transport, offer for sale or transportation, or receive for transportation, in commerce, any poultry products required to be inspected under the FMIA unless they have been so inspected and passed. See 21 U.S.C. § 610(c)(2).

## Violations

13. On or about January 16, 2012, Defendants sold and transported approximately thirty (30) pounds of non-federally inspected meat and meat food products that were capable of use as human food to Bangkok Market, Inc. in Lowell, MA for re-sale, in violation of the FMIA.

14. In accordance with 9 C.F.R. § 335.40, the Food Safety and Inspection Service (FSIS) sent Defendants a certified letter dated February 16, 2012, that set forth Defendants' latest violation, and giving Defendants an opportunity to present any additional views regarding the violation. Defendants responded by letter through their attorney on February 29, 2012, however, the response did not change FSIS' opinion that enforcement action was warranted.

15. Yi Soon Bakery received three prior Notice of Warning letters from FSIS on January 26, 2010 and March 15 and October 26, 2011 for similar violations.

3

Case 1:12-cv-12390-MLW   Document 7   Filed 04/19/13   Page 13 of 16
Case 1:12-cv-12390-MLW   Document 2-1   Filed 12/21/12   Page 13 of 16
Case 1:12-cv-12390   Document 1   Filed 12/21/12   Page 4 of 5

### Claim for Relief - Permanent Injunction Pursuant to 21 U.S.C. § 674

16. The allegations in paragraphs 1 through 15 are incorporated by reference as though set forth fully herein.

17. Section 404 of the FMIA, 21 U.S.C. § 674, provides that "[t]he United States district courts . . . are vested with jurisdiction specifically to enforce, and to prevent and restrain violations of, this Act, and shall have jurisdiction in all other kinds of cases arising under this Act, except as provided in section 7(e) of this Act."

18. On or about January 16, 2012, and other dates, Defendants prepared, sold, and transported meat and meat products in violation of 21 U.S.C. § 610(c)(2) because the meat and meat products were not inspected and passed as required by the FMIA and the regulations promulgated thereunder.

19. Such preparation, sale, and transportation of meat and meat food products did not occur under any exemption from the FMIA, including but not limited to, the exemption for the custom slaughter and processing of meat and meat products under section 23(a) of the FMIA. See 21 U.S.C. 623(a).

20. Accordingly, Plaintiff United States of America is entitled to a permanent injunction to enforce the FMIA, and to prevent and restrain Defendants from continuing to violate the FMIA.

WHEREFORE, the United States respectfully requests that this Court grant the following relief:

    A. An order compelling Defendants to comply with all applicable requirements of the FMIA, as well as the regulations promulgated thereunder;

4

Case 1:12-cv-12390-MLW   Document 7   Filed 04/19/13   Page 14 of 16
Case 1:12-cv-12390-MLW   Document 2-1   Filed 12/21/12   Page 14 of 16
Case 1:12-cv-12390   Document 1   Filed 12/21/12   Page 5 of 5

B. An order permanently enjoining and restraining the Defendants and their employees, agents, representatives, successors and assigns, and any and all persons in active concert or participation with any or all of them, from preparing, selling, and transporting non-Federally Inspected meat and meat products in violation of the FMIA and from engaging any such future violations of the FMIA;

C. Award the United States its costs and disbursements of this action; and

D. Grant the United States such other and further relief as this Court deems just and proper.

Dated: December 21, 2012

CARMEN M. ORTIZ
United States Attorney

By: /s/ *Brian Pérez-Daple*
BRIAN A. PÉREZ-DAPLE
Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Brian.Perez-Daple@usdoj.gov

5

Case 1:12-cv-12390-MLW   Document 7   Filed 04/19/13   Page 15 of 16
Case 1:12-cv-12390-MLW   Document 2-1   Filed 12/21/12   Page 15 of 16
Case 1:12-cv-12390   Document 1-1   Filed 12/21/12   Page 1 of 2

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
YI SOON BAKERY, INC. and KUNG HUNG

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Suffolk County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian A. Pérez-Daple, Assistant U.S. Attorney
John J. Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, (617) 748-3100

Attorneys *(If Known)*
Meihuei Hu
251 Harvard Street, Suite 3, Brookline, MA 02446

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | PERSONAL PROPERTY | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☒ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☒ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Federal Meat Inspection Act, 21 U.S.C. § 601 et seq. ("FMIA")
Brief description of cause:
Action seeking injunction against defendants for violation of FMIA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE 12/21/12
SIGNATURE OF ATTORNEY OF RECORD
*/s/ Brian Pérez-Daple/*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

Case 1:12-cv-12390-MLW   Document 7   Filed 04/19/13   Page 16 of 16
Case 1:12-cv-12390-MLW   Document 2-1   Filed 12/21/12   Page 16 of 16
Case 1:12-cv-12390   Document 1-1   Filed 12/21/12   Page 2 of 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) UNITED STATES OF AMERICA v. YI SOON BAKERY, INC.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [✓] I.   410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ] II.  110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

   [ ] III. 120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 625, 690, 751, 791, 861-865, 890, 896, 899, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Brian A. Pérez-Daple
ADDRESS John J. Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210
TELEPHONE NO. (617) 748-3100

(CategoryForm12-2011.wpd - 12/2011)